# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| METROPCS, a brand of T-MOBILE USA, INC., a Delaware Corporation | § § § | |
| v. | § | MISC. ACTION NO. 3:18-MC-0037-S |
| ISAIAH MICHAEL THOMAS et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Respondent Jason Frazin's Rule 72 Objections [ECF No. 37]. For the following reasons, the Court overrules the Objections and affirms the October 4, 2018 Order of the United States Magistrate Judge.

### I. BACKGROUND

This action arises out of a motion filed by Plaintiff T-Mobile USA, Inc. ("MetroPCS") to compel non-party Jason Frazin's ("Frazin") compliance with a subpoena. *See* ECF No. 1. Frazin filed a response opposing the motion to compel, arguing, among other things, that MetroPCS did not properly serve its subpoena. *See* ECF No. 7 at 4-7. Additionally, Frazin filed a motion to strike certain portions of the appendix supporting MetroPCS's motion. *See* ECF No. 9.

On June 29, 2018, MetroPCS notified the Court that United States Magistrate Judge David Horan entered an order denying its motion to compel in a related action and accordingly stipulated to the denial of its motion to compel in this action pursuant to Magistrate Judge Horan's order. *See* ECF No. 10 at 1-4. MetroPCS further requested a seven-day extension to file a reply in support of its motion to compel if "the Court decline[d] to enter . . . an order based on [its] stipulation." *See id.* at 4.

Rather than seeking to resolve the dispute in light of MetroPCS's stipulation, Frazin filed a motion to strike the request for an extension, as well as a motion for sanctions due to MetroPCS's failure to confer with Frazin under N.D. TEX. L. CIV. R. 7.1. *See* ECF No. 12 at 1.

United States Magistrate Judge Irma Carrillo Ramirez (the "Magistrate Judge") held a hearing, and heard oral argument, on the motions to strike and the motion for sanctions on July 17, 2018. *See* ECF No. 15. The Magistrate Judge appropriately admonished Frazin's counsel of record Gary Schepps ("Schepps") that his failure to seek resolution of the dispute in light of Magistrate Judge Horan's opinion and MetroPCS's stipulation was not in compliance with the standards for attorney conduct in the Northern District per *Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). *See* ECF No. 27 at 4:1-13. The Magistrate Judge then granted the motion to strike certain portions of MetroPCS's appendix, denied the motion to strike MetroPCS's motion for an extension, and denied the motion for sanctions, finding that Frazin also was not in compliance with the Local Rules. *See id.* at 13:13-16, 15:22-16:5; ECF No. 16 (summary order).

On July 23, 2018, the Magistrate Judge held a hearing on MetroPCS's motion to compel. *See* ECF No. 20. The Magistrate Judge confirmed that Frazin was not personally served with a subpoena, explained that Fifth Circuit precedent required personal service, and denied MetroPCS's motion to compel. *See* ECF No. 28 at 8:10-15, 13:10-16:2, 22:25-24:1, 25:9-26:6; ECF No. 21 (summary order). Additionally, the Magistrate Judge advised Frazin at the July 23, 2018 hearing that the Court was denying costs except those arising out of "the original motion to compel." ECF No. 28 at 24:8-18.

Frazin filed an Application for Reasonable Expenses and Attorney's Fees on August 6, 2018, requesting $37,126.50 for 57.2 hours worked and 46.7 hours billed on this matter. *See*

2

ECF No. 23 at 18; ECF No. 24 Ex. B at 1. The Magistrate Judge held a hearing on Frazin's Application on October 4, 2018. *See* ECF No. 33. Although the Magistrate Judge found that some fees were warranted, she found Frazin's Application to be excessive for many reasons including: Schepps inappropriately included hours spent on motions for which the Court had previously denied fees; his declarations did not sufficiently describe attorney qualifications; he spent three hours to review a nine-page motion; and he billed three hours for a 43 minute hearing. *See* ECF No. 35 at 12:8-14, 14:14-23, 15:3-15, 19:21-20:2. The Magistrate Judge then summarized her findings and calculated the reasonable expenses to be $4,800—eight hours at an hourly rate of $600. *See id.* 20:10-23:18; ECF No. 34 (summary order).

Thereafter, Frazin filed his Rule 72 Objections to the Magistrate Judge's Order, which is now fully briefed and before the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that a "district judge . . . must consider timely objections" to a magistrate judge's order on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The Rule's "'clearly erroneous' standard applies to the factual components of the magistrate judge's decision," *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)), while the "contrary to law language . . . applies to the magistrate judge's legal conclusions," which are, therefore, "reviewable *de novo*." *Okechuku v. United States*, Civ. A. No. 3:19-CV-1005-B-BT, 2019 WL 6497876, at *1 (N.D. Tex. Dec. 3, 2019) (internal quotation marks omitted) (citation omitted). "Rule 72(a) . . . set[s] out a highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Tige Boats, Inc. v. Interplastic Corp.*,

3

No. 1:15-CV-0114-P-BL, 2015 WL 9268423, at *2 (N.D. Tex. Dec. 21, 2015) (first two alterations added) (internal quotation marks omitted) (quoting *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013)).

### III. ANALYSIS

#### A. *Lodestar*

"In this circuit, courts apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted). "The court must first calculate the lodestar, 'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.'" *Id.* (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010)). While "the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there," the "[c]ourt ... may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services." *Dartson v. Villa*, Civ. A. No. 3:17-cv-569-M, 2018 WL 4002474, at *2 (N.D. Tex. Aug. 22, 2018) (collecting authorities). As for the number of hours reasonable expended, "[t]he [c]ourt should use th[e] reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented." *Id.* (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). However, the court may reduce an "award by a percentage to compensate for the lack of billing judgment exercised" in lieu of "perform[ing] a line-by-line analysis of the bills presented," if the court finds that the movant did not demonstrate that "billing judgment was exercised." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (citing *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)). "Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Id.* (citation omitted). "Determinations of hours and rates are questions of fact," which the Court reviews for clear error. *Serna v. Law Office of*

4

*Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

In the present case, the Court finds that the Magistrate Judge did not clearly err in her calculation of the hours and rates. With respect to the hourly rate, the Magistrate Judge decreased the hourly fee requested from $795 to $600 per hour "based on [her] experience" and lack of supporting documentation by Frazin. *See* ECF No. 35 at 22:3-12. The Court finds that the Magistrate Judge acted well within her discretion in relying on her own expertise and judgment in calculating a reasonable hourly rate. *See Dartson*, 2018 WL 4002474, at *2. As for the number of hours reported, the Magistrate Judge found "the number of hours [was] clearly excessive and unreasonable." ECF No. 35 at 21:25-22:2.

The Court agrees. That finding by the Magistrate Judge is plainly supported by the record. For example, Schepps failed to confer with opposing counsel to resolve the underlying dispute despite MetroPCS's stipulation, *see* ECF No. 27 at 4:1-13; he included hours for motions for which costs have previously been denied, *see* ECF No. 35 at 15:11-15; he billed three hours for a 43-minute hearing, *see id.* at 19:21-23; he double-counted hours spent preparing for a hearing, *see id.* at 19:21-20:6; and he otherwise expended an inordinate amount of time on "a relatively simple procedural issue," *id.* at 22:13-20. Indeed, the Court finds that had counsel treated conferences as more than "a *pro forma* matter," the underlying dispute could and should have been resolved without racking up excessive attorney's fees for extensive briefing, motions, or hearings. *Dondi*, 121 F.R.D. at 289-90 (requiring the parties to meaningfully confer and resolve motions when possible). This finding is made given the fact that MetroPCS offered to stipulate to an order denying its motion to compel. *See* ECF No. 10 at 4.

The Court further finds that Frazin did not demonstrate that billing judgment was exercised by Schepps, particularly in light of MetrPCS's proposed stipulation and the relative simplicity of this matter.[1] The Court finds that Schepps failed to "writ[e] off unproductive, excessive, or redundant hours," and, therefore, displayed a serious lack of billing judgment. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (citing *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)). Accordingly, an overall percentage reduction was warranted, and the Magistrate Judge did not clearly err in her analysis. Consequently, the Court finds no reversible error in the Magistrate Judge's calculation of the lodestar amount of $4,800.[2]

### B. Johnson *Factors*

"After calculating the lodestar, the court can adjust the lodestar amount based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) . . . ."[3] *Fiamma Partners, LLC v. Morningstar*, Civ. A. No. 3:16-CV-1402-K, 2018 WL 4333993, at *2 (N.D. Tex. Jan. 9, 2018). The district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, "the trial court's findings" need not be "excruciatingly explicit in this area," and the court commits no error by "omit[ting] discussion of one of the *Johnson* factors so long as the record clearly indicates that the district court has utilized the *Johnson* framework as the basis of

---

[1] Indeed, the motion to compel actually concedes that Frazin was not personally served with a subpoena as required by Fifth Circuit precedent. *See, e.g., In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); ECF No. 1 at 2-3.

[2] The Court notes that this figure is more than reasonable, given Frazin's apparent disregard for the local rules of this Court. *See Dondi*, 121 F.R.D. at 289-90 (requiring the parties to meaningfully confer and resolve motions when possible).

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

its analysis." *FTC v. Nat'l Bus. Consultants, Inc.*, No. 08-30320, 2008 WL 5068620, at *2 (5th Cir. Dec. 1, 2008) (internal quotation marks omitted) (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823 (5th Cir. 1996)). In fact, "there is a 'strong presumption' that the lodestar figure is reasonable," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010), and the district court commits no error so long as the court "sufficiently considered the appropriate criteria." *Serna*, 614 F. App'x at 157 (quoting *La. Power & Light Co.*, 50 F.3d at 329)).

In the present case, Frazin faults the Magistrate Judge for "failing to explain how each of the Johnson [sic] factors affected the award." ECF No. 37 ("Obj.") at 4. However, the transcript of the proceeding before the Magistrate Judge demonstrates that the Magistrate Judge considered most of the *Johnson* factors: (1) the time and labor required, *see* ECF No. 35 at 12:18-19, 14:14-15:16, 19:17-22, 20:3-5, 21:25-22:2, 22:13-18; (2) the novelty and difficulty of the questions, *see id.* at 21:24, 22:16-17; (3) the skill requisite to perform the legal service properly, *see id.* at 11:8-12:4, 21:24, 22:16-17; (4) the customary fee, *see id.* at 22:3-12; (5) the experience, reputation, and ability of the attorney, *see id.* at 12:8-19, 22:3-12; (6) the amount involved and the results obtained, *see id.* at 21:21-22:2, 22:13-16; and (7) the undesirability of the case, *see id.* at 9:16-11:2. As the record "clearly indicates that the [Magistrate Judge] has utilized the *Johnson* framework as the basis of [her] analysis," the Magistrate Judge did not err by not addressing the remaining *Johnson* factors.[4] *Forbush*, 98 F.3d at 823 (quoting *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987)). Accordingly, the Court finds that the Magistrate Judge acted within her discretion in accepting the lodestar amount of $4,800 as reasonable.

---

[4] Importantly, Frazin did not argue before the Magistrate Judge or this Court that his fee should be adjusted based on the five remaining *Johnson* factors— the preclusion of other employment, the fee arrangement, time limitations, nature and length of the professional relationship, and awards in similar cases. *See* ECF No. 23 at 16-18; Objs. 7-8, 10.

7

## IV. CONCLUSION

For the reasons discussed above, the Court overrules Frazin's Rule 72(a) Objections to the October 4, 2018 Order of the United States Magistrate Judge.

**SO ORDERED.**

SIGNED April 3, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**